IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTIAN GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| SANRAJ ENTERPRISES, INC. and | ) | |
| MCCART PROPERTY, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, CHRISTIAN GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants, SANRAJ ENTERPRISES, INC. and MCCART PROPERTY, LTD., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, CHRISTIAN GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Fort Worth, Texas (Tarrant County).

3. Plaintiff is disabled as defined by the ADA.

1

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")

7. Defendant SANRAJ ENTERPRISES, INC. (hereinafter "SANRAJ ENTERPRISES, INC.") is a Texas company that transacts business in the State of Texas and within this judicial district.

8. Defendant, SANRAJ ENTERPRISES, INC., may be properly served with process via its registered agent for service, to wit:  c/o Jumani A. Shoaib, Registered Agent, 4250 McCart Avenue, Fort Worth, TX  76115.

9. Defendant, MCCART PROPERTY, LTD. (hereinafter "MCCART PROPERTY, LTD."), is a Texas limited company that transacts business in the State of Texas and within this judicial district.

10. Defendant, MCCART PROPERTY, LTD., may be properly served with process via its registered agent for service, to wit:  c/o John Cockerham, Registered Agent, 3825 Camp

Bowie Blvd., Fort Worth, TX 76107.

## FACTUAL ALLEGATIONS

11. On or about August 7, 2019 Plaintiff was a customer at Corner Food Store, a business located at 4250 McCart Avenue, Fort Worth, TX 76115 referenced herein as the "Corner Food Store."

12. SANRAJ ENTERPRISES, INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

13. MCCART PROPERTY, LTD. is the owner or co-owner of the real property and improvements that the Corner Food Store is situated upon and that is the subject of this action, referenced herein as the "Property."

14. Plaintiff's access to the business located at 4250 McCart Avenue, Fort Worth, TX 76115, Tarrant County Property Appraiser's account number 01866478 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, SANRAJ ENTERPRISES, INC. and MCCART PROPERTY, LTD., are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Corner Food Store and the Property, including those set forth in this Complaint.

15. Plaintiff lives 3 miles from the Corner Food Store and the Property.

16. Plaintiff has visited the Corner Food Store and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Corner Food Store and and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Corner Food Store and the Property are accessible again.

The purpose of the revisit is to be a regular customer, to determine if and when the Corner Food Store and the Property are made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

17. Plaintiff intends on revisiting the Corner Food Store and the Property to purchase goods and/or services as a regular customer living in the vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18. Plaintiff travelled to the Corner Food Store and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Corner Food Store and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Corner Food Store and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education,

4

> transportation, communication, recreation, institutionalization, health services, voting, and access to public services;
>
> (iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and
>
> (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24. The Corner Food Store is a public accommodation and service establishment.

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28. The Corner Food Store must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed the Corner Food Store and the Property in his capacity as a customer of the Corner Food Store and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Corner Food Store and the Property that preclude and/or limit his access to the Corner Food Store and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit the Corner Food Store and the Property again within six months or sooner as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Corner Food Store and the Property, but will be unable to fully do so

6

because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Corner Food Store and the Property that preclude and/or limit his access to the Corner Food Store and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants, SANRAJ ENTERPRISES, INC. and MCCART PROPERTY, LTD., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Corner Food Store and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants, SANRAJ ENTERPRISES, INC. and MCCART PROPERTY, LTD., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, SANRAJ ENTERPRISES, INC. and MCCART PROPERTY, LTD., are compelled to remove all physical barriers that exist at the Corner Food Store and the Property, including those specifically set forth herein, and make the Corner Food Store and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Corner Food Store and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Corner Food Store and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) Near Unit 4244, the accessible parking space is not level due to the presence of an accessible ramp in the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) Near Unit 4244, the accessible curb ramp is improperly protruding into the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iii) Near Unit 4244, an accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iv) At least one accessible parking space is not adequately marked and is in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(v) Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route coupled with the policy by Boost Mobile (a tenant in the Property) to place large signs in the exterior accessible route, vehicles routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to

         access public features of the Property such as the restroom and the exterior eating area.

(vi)    Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route coupled with the policy by Boost Mobile (a tenant in the Property) to place large signs in the exterior accessible route,, vehicles routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes. This violation made it difficult for Plaintiff to access public features of the Property such as the restroom and the exterior eating area.

(vii)    Near the Corner Store, the Property has an accessible ramp with a surface slope exceeding 1:12 in violation of section 405.4 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to traverse the exterior access route and as the accessible ramp provides the closest access to the public sidewalk, this barrier makes it dangerous and difficult for Plaintiff to come back using public transportation.

(viii)    Near the Corner Store, the Property has an accessible ramp that has a total vertical rise exceeding 6 inches, yet lacks handrails in compliance with section 505 of the 2010 ADAAG standards, this is a violation of section 405.8 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to traverse the exterior access route and as the accessible ramp provides the closest access to

the public sidewalk, this barrier makes it dangerous and difficult for Plaintiff to come back using public transportation.

(ix) In the Corner Store, the interior has walking surfaces lacking a 36 (thirty-six) inch clear width, due to a policy of placing items in the accessible route, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(x) In the Corner Store, there are sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(xi) In the Corner Store, the vertical reach to the self-serve frozen drink and soda dispensers exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(xii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

35. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Corner Food Store and the Property.

36. Plaintiff requires an inspection of the Corner Food Store and the Property in order

to determine all of the discriminatory conditions present at the Corner Food Store and the Property in violation of the ADA.

37. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38. All of the violations alleged herein are readily achievable to modify to bring the Corner Food Store and the Property into compliance with the ADA.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Corner Food Store and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Corner Food Store and the Property is readily achievable because Defendants, SANRAJ ENTERPRISES, INC. and MCCART PROPERTY, LTD., have the financial resources to make the necessary modifications.

41. Upon information and good faith belief, the Corner Food Store and the Property have been altered since 2010.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, SANRAJ ENTERPRISES, INC. and MCCART PROPERTY, LTD., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Corner

Food Store and the Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, SANRAJ ENTERPRISES, INC. and MCCART PROPERTY, LTD., pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, SANRAJ ENTERPRISES, INC. and MCCART PROPERTY, LTD., to modify the Corner Food Store and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, SANRAJ ENTERPRISES, INC., in violation of the ADA and ADAAG;

(b) That the Court find Defendant, MCCART PROPERTY, LTD., in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, SANRAJ ENTERPRISES, INC. and MCCART PROPERTY, LTD., from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, SANRAJ ENTERPRISES, INC. and MCCART PROPERTY, LTD., to (i) remove the physical barriers to access and (ii) alter the subject Corner Food Store and the Property to make it readily accessible to and useable by individuals with disabilities to the extent

required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: October 30, 2019.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro_____
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr._____
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
CHRISTIAN GARCIA